## THE 18TH HOLE AT INVERRARY ASSOCIATION, INC. v MARKS
### Case No. 88-22778 CD
Seventeenth Judicial Circuit, Broward County
April 27, 1989

### OPINION OF THE COURT

J. CAIL LEE, Circuit Judge.

THIS CAUSE came on to be heard upon the appeal of the Plaintiff/ Appellant, THE 18TH HOLE AT INVERRARY ASSOCIATION, INC. from Final Judgment rendered on the 28th day of July, 1988 in the County Court.

The Condominium Association sued the Defendants, MARKS, to recover fines assessed against the Defendants, MARKS, for violation of rules and regulations of the condominium. While there has been no transcript prepared of the trial proceedings, the parties are in agreement that the trial court heard testimony and considered other evidence in connection with the substance of the offenses charged by the

association. No counterclaim was filed by the Defendants, no offer of judgment was proffered by the Defendants,and the Defendants did not contest the procedures utilized in the assessment of the fines.

The trial court entered a Final Judgment in favor of the Plaintiff/Appellant Condominium Association in the amount of Twenty-Five ($25.00) Dollars and awarded court costs to the association in the amount of Forty-Six Dollars and ($46.90) ninety cents.

The trial judge, in the Final Judgment, refused to award the Appellant/Plaintiff Condominium Association reasonable attorney's fees on the basis that there was "no prevailing party."

It is clear to this Court in its appellate capacity that the trial judge erred in his determination that there was no prevailing party. An examination of the Plaintiff's pleadings and comparison thereof with the Final Judgment entered by the trial court, reveals that the Plaintiff/Appellant Condominium Association obviously prevailed on its claim, although not to the extent sought.

The provisions of Florida Statute 718.303(1) *mandate* the award of attorney's fees to the prevailing party in this type of action, once a prevailing party has been established. In this case, it is clear that the Condominium Association was the prevailing party and was so established by the findings of the trial court.

Accordingly, the decision of the trial court is reversed with instructions to the trial court to award reasonable attorney's fees to the Appellant/Plaintiff Condominium Association based upon the trial court's determination of the reasonableness of the hours spent by counsel for the Appellant/Plaintiff and the reasonableness of the rate applied, as to all matters and pleadings which arose as a result of this controversy, including the time spent on appeal, and all time spent subsequent to remand of this action to the trial court through the date of the final order awarding attorney's fees to the Appellant/Plaintiff Condominium Association.

DONE and ORDERED in Chambers this 27th day of April, 1989.